Yates v City of New York

2026 NY Slip Op 02736

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Anne K. Yates, Plaintiff-Respondent,

v

The City of New York, et al., Defendants, 494 Eighth Avenue LLC, Defendant-Appellant.

Decided and Entered: April 30, 2026

Index No. 157577/18|Appeal No. 5672|Case No. 2025-00176|

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ.

Clausen Miller P.C., New York (Joseph J. Ferrini of counsel), for appellant.

Raphaelson & Levine Law Firm, P.C., New York (Jason Krakower of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered November 27, 2024, which, to the extent appealed from as limited by the briefs, denied defendant 494 Eighth Avenue LLC's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that on December 29, 2017, at around 2:30 p.m., she was injured when she tripped on the sidewalk in front of 494 Eighth Avenue, a building owned by defendant, and landed on a disassembled wooden police barricade on the sidewalk. Plaintiff testified at her 50-h hearing and at her deposition that she tripped and fell on an uneven portion of the sidewalk where there was an "imbalance" higher than the surrounding area by about an inch or an inch and a half.

Supreme Court properly found that defendant was not entitled to judgment as a matter of law on the basis that the alleged defect was trivial, as defendant failed to make a prima facie showing that the defect was, under the circumstances, physically insignificant and that the characteristics of the defect did not increase the risks that it posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79 [2015]; Trinidad v Catsimatidis, 190 AD3d 444, 444-445 [1st Dept 2021]). The evidence that defendant submitted in support of its motion, including photographs of the sidewalk where plaintiff was allegedly injured and the affidavit of the superintendent of defendant's building, are inconclusive and, therefore, insufficient to demonstrate that the defect was trivial as a matter of law and, thus, not actionable (see Trinidad, 190 AD3d at 445; Sahni v Kitridge Realty Co., Inc., 114 AD3d 837, 838 [2d Dept 2014]; see also Trincere v County of Suffolk, 90 NY2d 976 [1997]).

[*2]

The photographs that defendant submitted — which, notably, do not depict any device measuring the defect to be a certain height (cf. McGrane-Mungo v Dag Hammarskjold Tower, 242 AD3d 458, 458 [1st Dept 2025]) — do not unequivocally demonstrate that the defect was trivial as a matter of law, as "its size is not discernable and the photos appear to show that the defect has an edge, which could constitute a tripping hazard" (Munasca v Morrison Mgt. LLC, 111 AD3d 564, 564 [1st Dept 2013]; see Abreu v New York City Hous. Auth., 61 AD3d 420 [1st Dept 2009]). There is also a lack of evidence demonstrating the dimensions of the defect at the time of plaintiff's trip and fall (see Munasca, 111 AD3d at 564; Valentin v Columbia Univ., 89 AD3d 502, 503 [1st Dept 2011]). Defendant's reliance on the affidavit of the superintendent asserting that the defect was less than one half inch in depth is insufficient to satisfy its prima facie burden, as his assertion was at best an estimate of the size of the defect and not based on any actual measurement (see Munasca, 111 AD3d at 564; cf. Vazquez v JRG Realty Corp., 81 AD3d 555 [1st Dept 2011]). In any event, plaintiff testified that the height differential was approximately one to one and half inches — which, if true, would be a violation Administrative Code of City of NY § 19-152 — thereby raising an issue of fact (see Trinidad, 190 AD3d at 445). While such a differential "is not per se non-trivial, and therefore actionable as a matter of law, violation of Administrative Code § 19-152 is one factor to consider when deciding the issue of triviality" (id.).

Furthermore, plaintiff's testimony suggesting that, because she was looking "straight ahead to . . . find a clear area to get around a crowd of people on the sidewalk" at the time of her trip and fall, it was difficult to detect the defect further raises an issue of fact (see id.; Argenio v Metropolitan Transp. Auth., 277 AD2d 165, 166 [1st Dept 2000]). Notably, the accident occurred during the holiday season on a heavily-traveled area of Eighth Avenue, between Penn Station and Time Square (see Argenio, 277 AD3d at 166).

Defendant's arguments as to purported inconsistencies in plaintiff's medical records and statements that she made after the trip and fall as to what caused the accident, whether it was the defect in the sidewalk or a police barricade, are unavailing (see S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341 [1974]; Glick & Dolleck v Tri-Pac Export Corp. , 22 NY2d 439, 441 [1968]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026